IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| ANDREW AVILA, #02052352 | § | |
| VS. | § | CIVIL ACTION NO. 4:16cv875 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

Petitioner Andrew Avila, a prisoner confined in the Texas prison system, filed the above-styled and numbered petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is challenging his Denton County conviction for the offense of Aggravated Robbery. On July 29, 2015, after a plea of guilty, he was sentenced to twelve years of imprisonment. The case was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation concluding that the petition should be denied. Petitioner has filed objections.

Petitioner complains he has both federal and state convictions out of the same incident. On January 28, 2016, he was sentenced to a total term of 155 months of imprisonment for Bank Robbery and Aiding and Abetting (Count 1) and Possession of a Firearm in Furtherance of a Crime of Violence and Aiding and Abetting (Count 2), with the sentence running concurrently with his Denton County conviction for the offense of Aggravated Robbery. In his petition, Petitioner alleges that the convictions violate the Double Jeopardy Clause of the Fifth Amendment. The Magistrate Judge correctly explained that the convictions did not violate the Double Jeopardy Clause because two separate sovereigns were involved. *Heath v. Alabama*, 474 U.S. 82, 88 (1985); *United States v. McKinney*, 52 F.3d 664, 676 (5th Cir. 1995). Just recently, on June 17, 2019, this basic principle was reaffirmed by the Supreme Court. *Gamble v. United States*, ___ U.S. ___, 139 S. Ct. 1960 (2019).

In his objections, Petitioner argues that his convictions in both federal and state court violate the *Petite* Policy. *See Petite v. United States*, 361 U.S. 529 (1960). The *Petite* policy is an internal rule in the Justice Department that a "federal prosecution following state prosecution for the same act is allowed only where there are compelling reasons." *United States v. Patterson*, 809 F.2d 244, 248 (5th Cir. 1987). The *Petite* policy, however, is an internal rule, and "criminal defendants may not invoke it to bar prosecution by the federal government." *Id.* (citations omitted). Petitioner may not obtain relief based on the *Petite* policy. The Fifth Circuit reiterated that double jeopardy does not bar prosecutions in federal and state court for the same offense. *Id.* at 247.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are **DENIED**.

**SIGNED this 3rd day of July, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE